```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


DAVID LEE GREEN,                    §
TDCJ-CID NO. 1154588,               §
                                    §
            Petitioner,             §
                                    §
v.                                  §
                                    §   CIVIL ACTION NO. H-06-0815
DOUGLAS DRETKE, Director,           §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
                                    §
            Respondent.             §
```

## MEMORANDUM OPINION AND ORDER

David Lee Green, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) pursuant to 28 U.S.C. § 2254 challenging his state court conviction.  Pending before the court are Green's Petition for a Writ of Habeas Corpus (Docket Entry No. 1), Petitioner's Motion for Leave to File [In] Forma Pauperis (Docket Entry No. 7), and Respondent Dretke's Answer with Brief in Support (Docket Entry No. 10).  For the reasons discussed below, the court will deny Green's Petition for a Writ of Habeas Corpus and will grant his application to proceed in forma pauperis.

### I.  Procedural History and Claims

Green was indicted for aggravated assault of a public servant and aggravated robbery on January 30, 2003 (C.R. at 4).  On

February 11, 2003, Green was convicted of both charges in the 329th District Court of Wharton County, Texas (C.R. at 46).  The jury assessed punishment of thirty-years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), on each count, to run concurrently (C.R. at 46).

The Court of Appeals affirmed the convictions on July 1, 2004. Green v. State, No. 13-03-110-CR (Tex. App. -- Corpus Christi 2004, pet. ref'd).  Green filed a pro se petition for discretionary review ("PDR") on September 9, 2004 (PDR (first) at cover).  On October 6, 2004, the Court of Criminal Appeals struck this PDR for failure to comply with the Texas Rules of Appellate Procedure and granted a thirty-day extension of time to file a redrawn PDR. Green v. State, No. 1159-04 (Tex. Crim. App. 2004).  The Court of Criminal Appeals again extended the time to file the redrawn PDR to December 27, 2004.  Green's second PDR was refused by the Court of Criminal Appeals on March 29, 2005.

Green next challenged his convictions in two state petitions for writ of habeas corpus filed September 12, 2005, claiming violation of the protection against double jeopardy and ineffective assistance of counsel.  Ex parte Green, No. 63,297-01, at 42; Ex parte Green, No. 63,297-02, at 42.  On January 11, 2006, the Texas Court of Criminal Appeals denied Green's applications without written orders.  Id. at covers.  The court refused to entertain Green's motions for reconsideration.

Green filed this federal petition on March 9, 2006 (Docket Entry No. 1). Green alleges in his petition:

(1) denial of his right to be heard in his state habeas petition,

(2) ineffective assistance of counsel at trial,

(3) ineffective assistance of counsel on appeal,

(4) insufficiency of the evidence to support his conviction,

(5) improper finding of a deadly weapon, and

(6) denial of his right to a charge on a lesser-included offense.

Jurisdiction is proper either in the district where the person is in custody or the district in which the state court convicted and sentenced the petitioner. 28 U.S.C. § 2241(d). Because Green was convicted and sentenced in Wharton County, Texas, jurisdiction properly lies with this court.

## II.  Standard of Review

Green filed his federal petition for a writ of habeas corpus on March 9, 2006 (Docket Entry No. 1). Green's petition is therefore subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which apply to those habeas corpus cases filed after its effective date of April 24, 1996. See 28 U.S.C. § 2254; Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997).

The provisions of section 2254(d) set forth "a highly deferential standard for evaluating state-court rulings." Lindh,

117 S. Ct. at 2066 n.7.  A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court decision

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[P]ure questions of law and mixed questions of law are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2)."  Martin v. Cain, 246 F.3d 471, 475-476 (5th Cir. 2001) (quoting Corwin v. Johnson, 150 F.3d 467, 471 (5th Cir. 1998)).

A state court's legal determination is contrary to the established precedent of the Supreme Court only when "the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts."  Chambers v. Johnson, 218 F.3d 360, 363 (5th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000)).  A writ of habeas corpus will issue based on an unreasonable application of federal law only if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 120 S. Ct. at 1523.

In reviewing a federal habeas petition of a person in state custody, "a determination of a factual issue made by a State court

-4-

shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

### III. Analysis

**A. Denial of Right to be Heard**

Green claims that he was denied his "fundamental constitutional right to be heard on his issues" because the trial court did not enter findings of fact on his habeas petition and because the Texas Court of Criminal Appeals denied his writ of habeas corpus without written orders and refused to entertain his motions for reconsideration.  Fed. Writ. Pet. at 7.  However, "infirmities in state habeas proceedings do not constitute grounds for relief in federal court." Rudd v. Johnson, 256 F.3d 317, 319-20 (5th Cir. 2001) (quoting Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999)).  "An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'"  Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) (quoting Millard v. Lynaugh, 810 F.2d 1403, 1410 (5th Cir. 1987).  Accordingly, Green does not present a cognizable claim for habeas corpus relief on this claim.

**B. Ineffective Assistance of Trial Counsel**

Green claims that his trial counsel was ineffective because counsel (1) referred to Green's criminal history during his opening

statement, (2) failed to object to indictment that violated the double jeopardy clause and failed to file a motion to quash the indictment, (3) failed to request a charge on a lesser-included offense, and (4) failed to show that Green did not know Lieutenant Stanphill was a police officer. Fed. Writ. Pet. at 8-12.

A defendant asserting ineffective assistance of counsel must prove that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). The first prong of the test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Under the second prong the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992). If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. Strickland, 104 S. Ct. at 2069.

The petitioner has the burden of proof on an ineffective assistance of counsel claim. Alexander v. McCotter, 775 F.2d 595, 601 (5th Cir. 1985). The petitioner must overcome a strong presumption that counsel "rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." Wilkerson, 950 F.2d at 1065 (citing Strickland, 104 S. Ct. at 2066).

Green claims that his counsel was ineffective because he referred to Green's criminal history during his opening statement. Fed. Writ. Pet. at 8. At trial, Green chose to testify as a witness on his own behalf (3 R.R. 21-74). According to the Texas Rules of Evidence, evidence that a witness has been convicted of a crime may be admitted for the purpose of attacking the credibility of a witness. Tex. R. Evid. 609(a) (Vernon 2003). Green's trial counsel presumably made a tactical decision to refer to his criminal history in an attempt to lessen the impact the evidence may have had on the jury. (See 2 R.R. 73.) Accordingly, Green has not overcome the "strong presumption that counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." See Wilkerson, 950 F.2d at 1065.

Green also claims that his counsel was ineffective because counsel failed to object to an indictment that violated the double jeopardy clause and failed to file a motion to quash the indictment. Fed. Writ. Pet. at 8-9. Green was convicted of Aggravated Assault of a Public Servant and Aggravated Robbery (C.R. at 46). Green claims that his counsel should have objected to the indictment because the "additional offense of Aggravated Robbery [was] due to the fact that [he] was alleged to have assaulted a public servant with the handheld radio, while being arrested for theft." Fed. Writ. Pet. at 9.

The Fifth Amendment guarantee against double jeopardy protects against multiple punishments for the same offense. Dep't of

Revenue of Mont. v. Kurth Ranch, 114 S. Ct. 1937, 1941 n.1 (1994) (citing North Carolina v. Pearce, 89 S. Ct. 2072, 2076 (1969)).  To determine whether two statutes punish the same offense the court must apply "the Blockburger same-elements test."  United States v. Florez-Peraza, 58 F.3d 164, 166 (5th Cir. 1995).  The Blockburger test requires the court to compare the two statutes and ask "whether each provision requires proof of an additional fact which the other does not."  Blockburger v. United States, 52 S. Ct. 180, 182 (1932).  "If each different statutory offense requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes."  United States v. Marden, 872 F.2d 123, 125 (5th Cir. 1989) (citing United States v. Kalish, 734 F.2d 194, 196-97 (5th Cir. 1984)).

Section 22.02 of the Texas Penal Code defines the offense of Aggravated Assault of a Public Servant in the following manner:

> (a) A person commits an offense if the person commits assault as defined in § 22.01 and the person:
>
>> (1) causes another serious bodily injury to another, including the person's spouse; or
>>
>> (2) uses or exhibits a deadly weapon during the commission of the assault.
>
> (b) An offense under this section is a felony of the second degree, except that the offense is a felony of the first degree if the offense is committed:
>
> * * *
>
>> (2) against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an

      exercise of official power or performance of an official duty as a public servant;

Tex. Pen. Code Ann. § 22.02 (Vernon 2003). A person commits assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. Id. at § 22.01.

Section 29.03 of the Texas Penal Code defines the offense of Aggravated Robbery in the following manner:

      (a) A person commits an offense if he commits robbery as defined in Section 29.02 and he:

          (1) causes serious bodily injury to another;

          (2) uses or exhibits a deadly weapon;

          * * *

      (b) An offense under this section is a felony of the first degree.

Id. at § 29.03. A person commits robbery if, "in the course of committing theft," he intentionally, knowingly, or recklessly causes bodily injury to another. Id. at § 29.02(a). "In the course of committing theft" includes conduct that occurs "in immediate flight after the attempt or commission of theft." Id. at § 29.01(a).

      The charges of Aggravated Assault of a Public Servant and Aggravated Robbery pass the Blockburger same-elements test because each offense requires proof of a fact that the other does not. In order to prove that the defendant committed Aggravated Assault of a Public Servant, the State must show that the defendant committed the offense against a person whom the defendant knew to be a public servant. See id. at § 22.02. In order to prove that the defendant

-9-

committed Aggravated Robbery, the State must show that the defendant committed a robbery. See id. at § 29.03. Because the offenses of Aggravated Assault of a Public Servant and Aggravated Robbery pass the Blockburger same-elements test, the double jeopardy clause does not bar the two convictions. See Florez-Peraza, 58 F.3d at 166. Because the indictment did not violate the double jeopardy clause, Green's counsel was not deficient in failing to challenge the indictment.

Green also claims that his counsel was ineffective because he failed to request a charge on the lesser-included offense of shop-lifting. "A lesser-included-offense instruction is proper only when the evidence adduced at trial would permit a rational jury to find the defendant guilty of the lesser offense and to acquit him of the greater." United States v. Estrada-Fernandez, 150 F.3d 491, 495 (5th Cir. 1998).

At trial, Green confessed to stealing sneakers and attempting to flee the area before the police arrived (3 R.R. 25-28). Green stated that while he was fleeing the area Lieutenant Stanphill pulled up behind him and attempted to apprehend him, at which point he saw the handcuffs and knew that Stanphill was a police officer (3 R.R. 28-32). He tried to escape from Lieutenant Stanphill, but Stanphill caught up with him (3 R.R. 32-33). Green and Stanphill "scuffled," and Green "hit [Stanphill] in the head with the radio one time," knowing that he was a police officer (3 R.R. 33-34).

Based on Green's own testimony, no rational juror could find Green guilty of shoplifting but not of robbery.  Because Green was not entitled to a lesser-included-offense charge, Green's counsel was not deficient in failing to request such a charge.

Green also claims that his counsel was ineffective because he failed to show that Green did not know that Lieutenant Stanphill was a police officer.  However, Green has not shown any specific errors committed by his trial counsel. Rather, Green's argument is based solely on his assertion that he did not know Stanphill was a police officer.[1]  "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in federal and state court), unsupported and unsupportable by anything else in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).  Accordingly, Green's trial counsel was not deficient in his representation of Green.

C.   **Ineffective Assistance of Appellate Counsel**

Green next argues ineffective assistance of appellate counsel because his appellate counsel chose to raise an issue on appeal "that had no substantial merit" instead of arguing ineffective assistance of the trial counsel.  Fed. Writ. Pet. at 9-10.

---

[1] The record suggests that Green did know Stanphill was an officer.  Although Green denies that he knew, he admitted at trial to knowing Stanphill was an officer when the two were scuffling (3 R.R. 33-34).  Also, Stanphill and another witness testified that Green did have such knowledge.  (See 2 R.R. 156; 3 R.R. 9.)

-11-

When a federal court reviews the effectiveness of appellate counsel it applies the same standard as applied to trial counsel. Hamilton v. McCotter, 772 F.2d 171, 182 (5th Cir. 1985) (citing Strickland, 104 S. Ct. at 2064). The role of the advocate "requires that he support his client's appeal to the best of his ability. Jones v. Barnes, 103 S. Ct. 3308, 3314 (1983) (quoting Anders v. California, 87 S. Ct. 1396, 1400 (1967)). However, an attorney is not required to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to raise certain points. Barnes, 103 S. Ct. at 3313.

Green has not shown that his appellate counsel's decision to focus on issues other than ineffective assistance of trial counsel was unreasonable or deficient. Furthermore, he was not prejudiced because his claims for ineffective assistance of trial counsel lacked merit. Accordingly, Green's claim of ineffective assistance of appellate counsel is denied.

**D.   Sufficiency of the Evidence**

Green alleges the evidence is not sufficient to support the jury's finding of guilt of aggravated robbery. Fed. Writ. Pet. at 9-10. Specifically, Green asserts (1) the evidence was insufficient to convict him of aggravated robbery, and (2) there was an improper finding of a deadly weapon.

A federal court may review a claim that the evidence adduced at a state trial was not sufficient to convict a criminal defendant beyond a reasonable doubt. Herrera v. Collins, 113 S. Ct. 853, 861

(1993). "[T]his inquiry does not require a court to ask itself whether <u>it</u> believes that the evidence at the trial established guilt beyond a reasonable doubt." <u>Id.</u> (quoting <u>Jackson v. Virginia</u>, 99 S. Ct. 2781, 2789 (1979)) (emphasis in original). Instead, the relevant question is whether, in viewing the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." <u>Dupuy v. Cain</u>, 201 F.3d 582, 589 (5th Cir. 2000) (quoting <u>Jackson v. Virginia</u>, 99 S. Ct. 2781, 2789 (1979)).

In making that determination, the court should not substitute its own view of the evidence for that of the fact-finder. <u>Whitmore v. Maggio</u>, 742 F.2d 230, 232 (5th Cir. 1984). The jury convicted Green, and "all credibility determinations and reasonable inferences are to be resolved in favor of the jury's verdict." <u>United States v. Ruiz</u>, 987 F.2d 243, 249 (5th Cir. 1993).

Green raised these claims on direct appeal, and the Court of Appeals rejected them. <u>Green v. State</u>, No. 13-03-110-CR (Tex. App. -- Corpus Christi [13th Dist.] 2004, pet. ref'd). Where a state appellate court reviews the sufficiency of the evidence, that court's opinion is entitled to great deference. <u>Callins v. Collins</u>, 998 F.2d 269, 276 (5th Cir. 1993) (citing <u>Parker v. Procunier</u>, 763 F.2d 665, 666 (5th Cir. 1985)). The court must defer to the state court's interpretation of its own law. <u>Weeks v. Scott</u>, 55 F.3d 1059, 1063 (5th Cir. 1995). This court finds

nothing in the record to indicate that the appellate court made an incorrect determination in denying Green relief on this claim. Accordingly, the court will not disturb the state's determination that there was sufficient evidence to support Green's conviction.

**E.    Entitlement to a Charge on a Lesser-Included Offense**

Green alleges that he "was denied the constitutional right for the lesser included offense." Fed. Writ. Pet. at 11. However, the Fifth Circuit has held that, "[i]n a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988) (citing McCotter, 775 F.2d at 602). Furthermore, this court has concluded, supra, that Green was not entitled to a charge on a lesser-included offense. Accordingly, Green does not present a cognizable claim for habeas corpus relief.

### IV.   Certificate of Appealability

Hawkins has not yet requested a Certificate of Appealability ("COA") on the claims denied in this Memorandum Opinion and Order, but the court may rule on a COA sua sponte. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . ." 28 U.S.C. § 2253(c)(1). To obtain a COA Green must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004). To

make such a showing Green must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further.  <u>Tennard</u>, 124 S. Ct. at 2569.  For the reasons stated in this Memorandum Opinion and Order, Green has not made a substantial showing of the denial of a constitutional right.

### V.  Conclusion and Order

For the reasons discussed above, petitioner is not entitled to federal habeas corpus relief.

The court **ORDERS** the following:

1. Green's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

2. Green's Motion for Leave to File [In] Forma Pauperis (Docket Entry No. 7) is **GRANTED**.

3. A certificate of appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this the 25th day of July, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE